**Mulugeta G. GEBERU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–73788.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2013.*

Filed March 20, 2013.

Julius E. Jaboro, Julius E. Jaboro & Associates, El Cajon, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Liza Murcia, OIL, David V. Bernal, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Mulugeta G. Geberu, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039 (9th Cir.2010). We grant the petition for review and remand.

The agency's findings that Geberu omitted from his asylum application and declaration that he suspected his brother was imprisoned or killed by the Ethiopian government and that his testimony was inconsistent with a letter he had in his possession from the leadership of his political party are not supported by substantial evidence. *See Ren v. Holder,* 648 F.3d 1079, 1089 (9th Cir.2011) (analyzing claim under the Real ID Act's standard, and concluding that substantial evidence did not support

the adverse credibility determination). Accordingly, we grant Geberu's petition for review and, deeming Geberu's testimony as credible, remand Geberu's asylum, withholding of removal, and CAT claims for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Soto–Olarte v. Holder,* 555 F.3d 1089, 1094–96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED. REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, the